2009 Ark. App. 523

**Chisa GALLOWAY, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 08–1401.**

Court of Appeals of Arkansas.

July 1, 2009.

William R. Simpson, Jr., Public Defender, Amy Jackson, Deputy Public Defender, by: Margaret Egan, Little Rock, for appellant.

No response.

JOSEPHINE LINKER HART, Judge.

Chisa Galloway was convicted in a Pulaski County bench trial of second-degree forgery and theft of property, for which she received thirty-six months' probation. Pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Rule 4–3(k) of the Rules of the Arkan-

sas Supreme Court and Court of Appeals, Galloway's counsel has filed a motion to withdraw on grounds that the appeal is without merit. The clerk of this court furnished appellant with a copy of her counsel's brief and notified her of her right to file *pro se* points for reversal within thirty days. Galloway did not avail herself of the opportunity to submit *pro se* points. The State has not filed a brief.

The motion submitted by Galloway's counsel was accompanied by an abstract and |₂brief purportedly referring to everything in the record that might arguably support an appeal. Generally, we find that Galloway's counsel has complied with Rule 4–3(k). We note that not all of the adverse rulings were adequately discussed. Specifically, we find inadequate appellate counsel's discussion of the trial court's rejection of her motion to dismiss based on the State's erroneous assertion in the felony information of the dates that the alleged offenses occurred. Appellate counsel disposed of this issue with the conclusory statement, "Appellate counsel sees no error in the trial court's ruling that in this situation the date was immaterial, as the ordinary meaning of "on or about" would include at least the day before and the day after the alleged misconduct." This analysis does not adequately state the law on this issue. Nonetheless, we decline to order re-briefing because our study of the record reveals that this issue was not preserved for our review.

 In her motion to dismiss made at the close of the State's case-in-chief, Galloway argued that the check was dated August 19, and the State's key witness, Sonny Eanes, testified that the alleged transaction at Furniture Factory Outlet that gave rise to the charges took place on August 19, but the information alleged that the offenses were committed on August 20. Galloway, however, failed to renew this motion at the close of all the evidence as required by Rule 33.1 of the Arkansas Rules of Criminal Procedure. Pursuant to subsection (c) of Rule 33.1, failure to renew her motion "constitute[s] a waiver of any question pertaining to the sufficiency of the evidence to support the verdict." Accordingly, we hold that any argument |₃concerning the date of the alleged offenses is not preserved for our review and would therefore be wholly frivolous.

Affirmed; motion to withdraw as counsel granted.

GLOVER and MARSHALL, JJ., agree.